IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KATHERINE R. WARREN**                                             **PETITIONER**
**ADC #714772**

V.                    CASE NO. 1:19-CV-117-BSM-BD

**BRADLEY**
**Warden, McPherson Unit,**
**Arkansas Department of Correction**                                **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation for dismissal of the habeas corpus petition filed by Katherine R. Warren has been sent to Judge Brian S. Miller. Ms. Warren may file written objections if she disagrees with the findings and conclusions set out in the Recommendation. To be considered, however, objections must be filed with the Clerk of Court within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Ms. Warren does not object, she may lose the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Discussion:**

Petitioner Katherine R. Warren is serving a sentence in the Arkansas Department of Correction (ADC) after pleading guilty in Desha County Circuit Court to first-degree

murder.[1] In her habeas corpus petition, Ms. Warren claims that she was "incompetent" at the time of the murder for which she was convicted. (Docket entry #1 at 6-7) For relief, she requests a mental health evaluation and an opportunity to explain what happened in more detail. (#1 at 8)

In a December 3, 2019 Order, the Court alerted Ms. Warren of her obligation either to pay the $5 filing fee required in habeas corpus cases or to file a motion for *in forma pauperis* status. The Court warned her that, if she did not file a motion to proceed *in forma pauperis* or pay the filing fee within 30 days, her petition would be dismissed, without prejudice. Ms. Warren has not responded to the December 3 Order, and the time allowed for her to address the filing fee requirement has expired.

### III.    Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Ms. Warren has made a substantial showing that she was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Ms. Warren has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

---

[1] A docket search on CourtConnect indicates that Ms. Warren entered a guilty plea in Desha County Circuit Court, although a copy of the judgment is not available. See Arkansas Judiciary Website, Docket Search, http://caseinfor.aoc.arkansas.gov; *State v. Warren*, 21ACR-15-56, Plea (Feb. 27, 2017).

## IV. Conclusion:

The Court recommends that Ms. Warren's habeas corpus petition (#1) be dismissed, without prejudice, for failure to comply with the Court's December 3, 2019 Order.

DATED this 22nd day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE